NO CV-30

FEE PAID

009737

**ORIGINAL**

FILED
CLERK, U.S. DISTRICT COURT

**9/1/20**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____**CS**_____ DEPUTY

1   MARK A. MILLS
    100 S. DOHENY DRIVE, UNIT #223
2   LOS ANGELES, CA 90048
    PH: (424) 302-0988
3   E-MAIL: MMILLS@INNOVATIVEMAR.COM

4   IN PRO PER

5

6              **UNITED STATES DISTRICT COURT**

7              **CENTRAL DISTRICT OF CALIFORNIA**

8                                                    **CV20-8153-RGK(RAOx)**

9   Mark A. Mills                         Case No.

10                      Plaintiff,        **COMPLAINT FOR (1)**
                                          **COPYRIGHT INFRINGEMENT,**
11       vs.                              **(2) RACIAL DISCRIMINATION**

12  Nicholas Sparks, an individual; Hachette   **DEMAND FOR JURY TRIAL**
13  Book Group, Inc., A Delaware Corporation;
    and Does 1-10, inclusive,
14
15                      Defendants.

16

17       Plaintiff MARK A. MILLS alleges his complaint against defendants

18  NICHOLAS SPARKS, HACHETTE BOOK GROUP INC., and Does 1-10,

19  inclusive (collectively, "Defendants") as follows:

20                      **NATURE OF THE ACTION**

21       This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, *et seq.*

22  including § 201 et seq. (copyright infringement); and 28 U.S.C. §§ 1331 (federal

23  question jurisdiction), 1338(a) and 1338(b).

24                          **THE PARTIES**

25       1.    Plaintiff, Mark A. Mills is an African-American author, living in Los

26  Angles, California. He is the author of two books, and the manuscript "Everything Is

27  Not Enough," which is registered as copyrighted material.

28

          COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RACIAL
                          DISCRIMINATION

2.      On information and belief, defendant, Nicholas Sparks is a European-American novelist and screenwriter. He is credited with writing the novel "The Longest Ride" and co-writing the screenplay, "The Longest Ride." On information and belief, Sparks lives in North Carolina.

3.      On information and belief, Defendant Hachette Book Group, Inc., (hereinafter referred to as "Hachette") is a Delaware corporation with a principal place of business at 1290 Avenue of the Americas, New York, New York, 10104; and an office in Los Angeles. On information and belief, Hachette does business throughout the United States, including within this judicial district. Hachette operates a division known as "Grand Central Publishing." Grand Central Publishing is the publisher of the Nicholas Sparks novel, "The Longest Ride."

4.      Plaintiff is unaware at this time of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will seek leave of the Court to amend this Complaint to allege their true names and capacities when the same have been ascertained, or, at the time of trial.

**5.**      On information and belief, at all times herein mentioned, each of the Defendants was the agent, servant, or employee of each of the other Defendants, and in doing the things alleged in this Complaint, was acting in the course and scope of such agency, service, and employment, and with the permission and consent of his, her or its co-Defendants.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338, because, *inter alia*, the action arises under the copyright laws of the United States.

SMRH:4832-9011-9363.1                                    -1-

1

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RACIAL DISCRIMINATION**

7.     This Court has personal jurisdiction over all Defendants as, on information and belief, they all regularly transact business in the Central District of California. Further, on information and belief, the Defendants have purposefully availed themselves of the privilege of conducting activities within this district. Among other things, and on information and belief, Defendants systematically and continuously direct business activities toward and into the Central District of California, including offering for sale and selling copies of the infringing work within this judicial district. Additionally, on information and belief, Defendants solicit writers in this District and have sold movie rights to a company headquartered in this District. This Court also has personal jurisdiction over all Defendants because Defendants' tortious conduct, as alleged herein, has caused injury to Plaintiff, who resides in this judicial district.  On information and belief, Defendants willfully infringed Plaintiff's copyrights knowing that Plaintiff resided within this judicial district.

8.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to these claims for copyright infringement occurred in this district and Defendants have significant contacts with the district.

## FACTS

9.     Plaintiff Mark A. Mills is a graduate of Columbia University's MFA Creative Writing Program, the author of two books and internationally published in fiction.

10.   Plaintiff is the author of the copyrighted work, "Everything Is Not Enough."

SMRH:4832-9011-9363.1                                    -2-

2

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RACIAL DISCRIMINATION**

11.   Mr. Mills' work, "Everything Is Not Enough was created and copyrighted in or before 2011, with a date of execution effective with the U.S copyright Office as of March 11, 2016. Registration Number / Date: TXu001996547 / 2016-03-11.

12.   Mr. Mills uses the copyright symbol, ©, on his copyrighted works.

13.   Nicholas Sparks is the author of the book entitled, "The Longest Ride", ISBN-10: 978-1455520633, ISBN-13: 9781455520633 (the "Infringing Book"), which, on information and belief, was first published in or around September 2013. The Infringing Book has a retail price ranging from approximately $3.99-$14.99 at Amazon.com.

14.   The main story line of the Infringing Book is centered on the romantic journey of two characters, Sophia and Luke, after Sophia, the female lead character, is cajoled by her best friend into going to the rodeo. This story line is a distinguishing feature of Mr. Mills' manuscript.

15.   On October 9, 2012, Mr. Mills provided approval to his agent, Frank Wheaton, to email his manuscript, "Everything Is Not Enough," to Grand Central Publishing.

16.   On information and belief, Grand Central Publishing publishes Nicholas Sparks' novels.

17.   On January 8, 2013, Mr. Mills e-mailed revisions to his manuscript, "Everything Is Not Enough," to Grand Central Publishing, pursuant to the request of Grand Central Publishing's representative.

18.   On January 25, 2013, Grand Central Publishing rejected Mr. Mills' manuscript, "Everything Is Not Enough".

19.   On September 17, 2013, Grand Central Publishing published the novel "The Longest Ride," which is authored by Nicholas Sparks,  and registered a copyright for same on February 7, 2014.

SMRH:4832-9011-9363.1                                  -3-

3

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RACIAL DISCRIMINATION**

20. On information and belief, Sparks and Hachette used content from Mr. Mills' work "Everything Is Not Enough" in this novel ""The Longest Ride"" without authorization.

21. On information and belief, Sparks and Hachette were aware that they did not have authorization to use the content from Mr. Mills' work or to register a copyright for said content.

22. Mr. Mills did not authorize Sparks or any of the Defendants to use his copyrighted work.

23. Mr. Mills' had no intention of granting a license of any kind to his work to any of the Defendants.

24. On information and belief, despite Defendants knowing that they did not have Mr. Mills' authorization, Defendants copied and published expressive elements of Mr. Mills' work, which was submitted to the publishing company on October 9, 2012. Defendants subsequently published and registered the infringing copy on September 17, 2013.

25. On information and belief, Hachette is the publishing company for Sparks' novels, and directed and profited from the unauthorized copying and infringement of Mr. Mills' copyrighted work.

26. Defendants' copying, republication and exploitation of Mr. Mills' copyrighted work was without authorization from Mr. Mills. Defendants' copying was willful, oppressive, malicious and with wrongful intent to infringe the rights of Mr. Mills.

## CLAIMS OF RELIEF

### FIRST CLAIM OF RELIEF

**(Copyright Infringement – against all Defendants)**

SMRH:4832-9011-9363.1                                    -4-

4

27.   Plaintiff repeats and incorporates by reference the statements and allegations contained in paragraphs 1 to 27 of the complaint as though fully set forth herein.

28.   At all times relevant hereto, Plaintiff has been the owner, author and/or assignee of all copyright rights or rights to assert copyright claims for his work "Everything Is Not Enough" and all derivative works.

29.   Defendants' copying, reproduction, and republication were commercial in character and purpose. Defendants either completely or substantially copied Plaintiff's original, copyrighted content. Because the copying was for commercial purposes, it did not constitute fair use under any doctrine of copyright law.

30.   Plaintiff did not authorize Defendants' copying, displaying, or republishing of his work "Everything Is Not Enough." Defendants infringed the copyrights of Plaintiff's creative work by, *inter alia,* reproducing, republishing, publicly displaying, and creating derivatives of the work.

31.   As a result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, substantial losses.

32.   Defendants knew the infringed works belonged to Plaintiff and that they did not have authorization to exploit Plaintiff's works. Defendants' infringements were, therefore, willful.

33.   On information and belief, Defendants induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and assisting others to reproduce and republish Plaintiff's works. Further, on information and belief, Defendants had knowledge of the infringing acts of others relating to Plaintiff's copyrighted works.

34.   Without authorization, Defendants used, copied, reproduced, and republished the copyrighted material. Plaintiff's manuscript and the Infringing Book

SMRH:4832-9011-9363.1                                    -5-

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RACIAL DISCRIMINATION

have substantially similar characters (i.e., precise attributes and history); narrator point of view;  main plot points/actions; and sequences of event. Taken as a whole, the numerous examples of copyright violation in the Infringing Book, are greater than the sum of its parts.

36. On information and belief, Defendants have the right and ability to control the infringing acts of the individuals and entities that directly infringed Plaintiff's works. Further, on information and belief, Defendants obtained a direct financial benefit from the infringing activities of the individuals or entities that directly infringed Plaintiff's work.

36. Defendants' actions, as set forth above, constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501, et seq., all to the damage of Plaintiff as previously alleged.

37. By reason of the foregoing unlawful acts recited in the above paragraphs, Plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damages award are imposed by this Court.

38. Accordingly, the Defendants have directly, contributorily, and vicariously infringed upon Plaintiff's copyrighted work.

39. Defendants' infringement has caused and is causing irreparable harm to Plaintiff. Unless this Court restrains Defendants from further infringing Plaintiffs' protected work, the Plaintiff will continue to suffer irreparable harm with future distribution and releases.

40. Also, by engaging in the alleged conduct, Defendants are in violation of U.S. Code Title 42, Chapter 21. As an actual and proximate result of Defendants' copyright infringement, Defendants have unjustly enriched themselves by, among other things, obtaining profits, depriving Plaintiff of compensation to which he is rightly entitled, and taking credit for Plaintiffs' original copyrighted work.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RACIAL DISCRIMINATION

41. Plaintiff is entitled to the relief provided by 17 U.S.C. §§ 502-505, including but not limited to, injunctive relief, an order for the impounding and destruction of all of Defendant's infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendant's profits), statutory damages, punitive damages, and Plaintiffs costs and attorneys' fees in amounts to be determined at trial.

## SECOND CLAIM OF RELIEF

### (Discrimination based on race under § 1981 of the Civil Rights Act of 1886 – against Defendant Hachette)

42. Plaintiff repeats and incorporates by reference the statements and allegations contained in paragraphs 1 to 42 of the complaint as though fully set forth herein.

43. Section 1981 prohibits racial discrimination in the making and enforcement of contracts U.S.C. § 1981(a). This statute provides that all persons "shall have the same right . . . to make and enforce contracts." 42 U.S.C. § 1981(a).

44. To state a claim under § 1981, Plaintiff must allege facts that support each of the following three elements: (i) that the Plaintiff is a member of a racial class; (ii) that the Defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981.

45. Plaintiff is of the African-American racial class.

46. Defendant Hachette knew that Plaintiff is African American, and knew so at the time his manuscript was submitted to be considered for publication.

47. Defendant Hachette discriminated against Plaintiff by refusing to enter into a publishing contract with Plaintiff because of Plaintiff's race.

SMRH:4832-9011-9363.1                                    -7-

7

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RACIAL DISCRIMINATION**

48.   On information and belief, Defendant Hachette refused to enter into a publishing contract with Mr. Mills because Mr. Mills is African American, and Hachette believed that the storyline of Mr. Mills' manuscript would not be as profitable to Hachette because it featured African American primary characters.

49.   Instead, on information and belief, Defendant Hachette infringed on Mr. Mills' manuscript, changed the racial background of the main characters to white, and contracted with Defendant Sparks in order to market Mills' story to a broader audience.

50.   Defendant Hachette's actions violated Plaintiff's rights afforded to him under 42 U.S.C. § 1981(a), namely, Hachette denied Plaintiff the ability to make and perform a contract for publication of his manuscript.

51.   Plaintiff suffered substantial damage as a result of Defendant Hachette's violation of 42 U.S.C. § 1981(a).

52.   Mr. Mills seeks damages as a result of Defendant Hachette's actions in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A.   For injunctive relief, as follows: A permanent injunction enjoining and restraining Defendants, and all persons or entities acting in concert with it during the pendency of this action and thereafter perpetually from:

       i.   infringing Plaintiff's copyrighted works;

      ii.   indirectly, contributorily, or vicariously infringing Plaintiff's copyrighted works; and,

     iii.   conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (ii) above.

SMRH:4832-9011-9363.1

-8-

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RACIAL DISCRIMINATION**

B.   An award to Plaintiff of damages, including but not limited to, compensatory, statutory, and punitive damages, as permitted by law and in such amounts to be proven at trial.

C.   An award to Plaintiff of reasonable costs, including reasonable attorneys' fees.

D.   For pre and post-judgment interest as allowed by law.

E.   For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by the jury on his claims herein and all issues and claims so triable in this action.

DATED:  August 28, 2020

By: *Mark A. Mills*
MARK A. MILLS
IN PRO PER

SMRH:4832-9011-9363.1                                          -9-

9

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RACIAL DISCRIMINATION**

